IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMON REESE, #21041939,  §  | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:22-cv-01002-N (BT) | |
| § | | |
| TRISTON ROBERTSON, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Demon Reese, a pretrial detainee at Dallas County Jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983. The Court granted Reese leave to proceed *in forma pauperis* but did not issue process pending judicial screening. As explained below, the Court should stay and administratively close this case.

## Background

Reese is currently charged with aggravated assault on a public servant arising from a shooting on February 22, 2019. (ECF No. 10.) In this lawsuit, Reese claims that he did not shoot at anyone, rather Dallas Police Department (DPD) Officer T. Roberson shot at him. Therefore, he seeks a public apology from the DPD, media coverage of "the truth," mental health assistance, and monetary compensation for the time he has spent behind bars. *Id.* at 5.

1

## Legal Standards and Analysis

A.

Reese's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b). And under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

B.

Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court generally should abstain from exercising jurisdiction when doing so would interfere with an ongoing state criminal prosecution. "[T]he *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important

2

interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. Louisiana Public Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

All three conditions for *Younger* abstention are met here. First, criminal judicial proceedings are currently pending against Reese in Dallas County. Second, "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 (5th Cir. 1992) (explaining that, "[u]nder *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff") (citing *Younger*, 401 U.S. at 41)). And third, Reese will have the opportunity to raise constitutional challenges in the ongoing state prosecution, on direct appeal in the event of a conviction, or through a state habeas writ challenging his detention or conviction. *See DeSpain*, 731 F.2d at 1176; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

While all three conditions of *Younger* are met, the Court may refuse to abstain if an exception applies. *Bice*, 677 F.3d at 716 n.3 (the exceptions are: (1) the state court proceeding was brought in bad faith or for the purpose of harassing the federal plaintiff; (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it"; or (3) application of the *Younger* abstention doctrine has been waived) (quoting *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004)). But no exception applies here. The Court should therefore abstain from exercising jurisdiction over Reese's claims.

To the extent Reese seeks monetary compensation for the time he has spent in jail, the Fifth Circuit has held *Younger* does not apply to claims for monetary damages. *See Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (citing *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988)). But, still, "a court should stay proceedings in a § 1983 case brought by a [criminal defendant awaiting trial] until the related pending criminal case is resolved." *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) (per curiam) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)); *see also Boyd v. Farrin*, 575 F. App'x. 517, 519 (5th Cir. 2014) (per curiam) ("[T]he proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can

4

move forward without interference") (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)).

## Conclusion

The Court should stay and administratively close this case and instruct Reese (1) he must file a motion to reopen the case within 60 days after entry of judgment in his state criminal court case, and (2) the failure to do so will result in the dismissal without prejudice of this case for failure to prosecute and/or comply with a Court order under Federal Rule of Civil Procedure 41(b).

**SO RECOMMENDED**.

November 7, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).