IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMON REESE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-01002-N-BT |
| | § | |
| TRISTON ROBERTSON, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* prisoner civil rights action under 42 U.S.C. § 1983 is Defendant Sergeant Nathan Foreman's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (ECF No. 45). For the following reasons, the Court should GRANT Defendant Foreman's motion and DISMISS with prejudice Plaintiff's claims against Foreman. The Court should also *sua sponte* DISMISS with prejudice all of Plaintiff's claims against the remaining Defendants.

**Background**

On February 22, 2019, Dallas police officers arrested Plaintiff Demon Reese on state charges, including aggravated assault against a public servant. Several months later, a federal indictment charged Reese with possession of a firearm by a convicted felon. *See generally United States v. Reese*, Case No. 3:19-cr-00282-N. Eventually, Reese pleaded guilty in

1

federal court to a one-count superseding information charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

At sentencing, this Court enhanced Reese's offense level under the Sentencing Guidelines and sentenced Reese to 94 months' imprisonment. The Court held an evidentiary hearing to determine whether Reese fired his gun at a Dallas police officer (Defendant Tristan Robertson) during the foot chase that led to his arrest. Officer Robertson testified at the hearing. Ultimately, this Court found by a preponderance of the evidence that "the Defendant did fire at the officer." On appeal, Reese challenged the Court's determination that he committed an aggravated assault by firing at Officer Robertson. However, the Fifth Circuit determined that this Court's finding that Reese pointed his gun and fired at the officer is "plausible" and affirmed Reese's conviction and sentence. *United States v. Reese*, 2022 WL 3684614, at *1 (5th Cir. Aug. 25, 2022) ("[T]he finding that Reese pointed his gun and fired at the officer is plausible."), *cert. denied*, 143 S. Ct. 614, 214 L. Ed. 2d 363 (2023).

On April 4, 2022, Reese filed a new civil action in this Court claiming he was wrongfully convicted and seeking immediate release from prison, a public apology from the Dallas Police Department (DPD), media coverage of "the truth," mental health assistance, and monetary compensation for the time he has spent in custody. *Reese v. United States*, Case No, 3:22-cv-

00750-N. Because Reese asserted claims that could be construed as attacking his federal conviction, and that case was pending on appeal, the Court treated his filing as a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 and dismissed it without prejudice. The Court also severed any remaining civil rights claims into this civil action. Next, the Court issued a Magistrate Judge's Questionnaire (MJQ) to elicit additional information relevant to Reese's claims. Upon review of Reese's response to the MJQ (ECF No. 10), the Court stayed this case under *Younger v. Harris*, 401 U.S. 37 (1971), since Reese was still awaiting trial on his state charges arising out of the February 22, 2019 incident.

On April 19, 2023, Reese advised the Court that his state charges had been dismissed. Accordingly, the Court granted Reese's motion to reopen his civil rights case and ordered service of process. Thereafter, Defendants Heartland Patrol & Investigations, Inc. (Heartland) and Edwin Saenz filed an answer (ECF No. 35), and Defendant Sergeant Nathan Foreman filed a motion to dismiss Reese's complaint under Federal Rule of Civil Procedure 12(b)(6). No other Defendant has made an appearance.[1]

Reese filed a response and a supplemental response to Foreman's motion. *See* ECF Nos. 47 & 48. Foreman filed a reply (ECF No. 49).

---

[1] According to the docket, Defendant Saenz is the only Defendant to have been served. *See* Return (ECF No. 34).

**Legal Standards**

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings,* 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010))*; see also Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.,* 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings." (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999))), *aff'd,* 824 F. App'x 210 (5th Cir. 2020).

Courts generally hold *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). However, "despite [the] general willingness to construe *pro se* filings liberally," courts "still require *pro se* parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014)

5

(cleaned up). Therefore, a *pro se* plaintiff is not excused from the requirements to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief . . . ." *Id.* (citations omitted).

Finally, federal courts do not have to wait for a Rule 12(b)(6) motion to be filed to dismiss for failure to state a claim—the Court possesses the inherent authority to dismiss a party, or claims, *sua sponte*. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). A court may dismiss a plaintiff's claims *sua sponte* under Rule 12(b)(6) for failure to state a claim "as long as the procedure employed is fair;" the procedure is fair when plaintiffs receive notice of the intent to dismiss and an opportunity to respond. *Carter v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021). This requirement is met when a United States Magistrate Judge recommends that a case be dismissed *sua sponte* with an opportunity for the plaintiff to object. *Melton v. Waxahachie Police Dep't*, 2022 WL 3636616, at *19 (N.D. Tex. Aug. 8, 2022) (Ramirez, J.), *rec. adopted*, 2022 WL 3639506 (N.D. Tex. Aug. 23, 2022), *aff'd*, 2023 WL 3051898 (5th Cir. Apr. 24, 2023) (citing *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018)).

**Analysis**

Liberally construing his submissions, Reese appears to assert claims under § 1983 for violations of his Fourth Amendment and Fourteenth Amendment rights against Heartland Security, Heartland Security Officer

6

Edwin Saenz, the DPD, and DPD Officers Tristan Robertson, Cecile Cromartie, and Nathan Foreman. He avers that the DPD officers made false accusations against him in order to falsely charge him with aggravated assault of a public servant. *See* Compl. ¶ IV (ECF No. 3) (listing "false accusation of aggravated assault against a public servant" underneath each Defendant officer); *see also* MJQ Resp. 2 (ECF No. 10). Reese alleges:

> I was arrested on Feb 22, 2019 and falsely charged with agg[ravated] assault against a public servant. As I fled Officers during a foot chase I threw my gun. Officer Triston Robertson began to shoot at me! Shortly after I was arrested and charged falsely! I have been incarcerated for over 3 years! DPD Officer Cecile Cromartie, DPD Officer Nathan Forman, Officer Edwin Saenz (Heartland Security) and the Dallas Police Department Supervisor made more false accusations as a cover up. I have proof that I am innocent in my possession! They lied! My face was all over the News!!!

*Id.* ¶ V. Reese also alleges that Officer Robertson did not complete a police report, that Officer Robertson related seven different versions of his accusations against Reese, and that there is no physical evidence that Reese fired his gun. *Id.* at p 5; MJQ Resp. 2. He alleges that "Officer [] Forman said he heard 'the shot,'" and Officer Cromartie "stated she saw us exchange 2 or 3 three shots each." MJQ Resp. 2.

Reese's claims under § 1983 fail for several reasons.

A. *Reese fails to state a claim against Heartland and Heartland Security Officer Edwin Saenz because he does not provide sufficient facts to plausibly allege either Defendant is a state actor.*

7

Reese names Heartland Patrol & Investigations, Inc. (incorrectly identified by Reese as Heartland Security) and Heartland Security Officer Edwin Saenz as Defendants. But liability attaches under § 1983 only where defendants act "under color of state law." 42 U.S.C. § 1983. To constitute action under color of state law, "(1) 'the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state [sic] or by a person for whom the State is responsible'; and (2) 'the party charged with the deprivation must be a person who may fairly be said to be a state actor,' either 'because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Erickson v. Union Bank of Texas*, 2006 WL 1479028, at *3 (N.D. Tex. May 30, 2006) (Kinkeade, J.) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). These requirements mean that "[p]rivate individuals [and entities] generally are not considered to act under color of law[.]" *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (internal quotation omitted).

Reese's Complaint and other submissions are entirely devoid of any allegation that Heartland or Saenz were acting under color of state law during the February 22, 2019 incident. Indeed, it is entirely unclear what role either Defendant played in Reese's arrest.

8

To the extent Heartland could be a private security company and Saenz is a private citizen employed by Heartland, Reese's allegations do not speak to any of the applicable tests the Court must consider to determine whether these Defendants acted under color of state law. Specifically, Reese does not include sufficient factual detail for the Court to reasonably infer that the alleged conduct of these Defendants is in any way fairly attributable to the State. Although "[o]ne way a private citizen may be a state actor is if [he] 'is involved in a conspiracy or participates in joint activity with state actors,'" *Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017) (quoting *Ballard*, 413 F.3d at 518), Reese's vague allegations regarding a "cover up" among the DPD Officers and Defendants Heartland and Saenz do not plausibly allege the required elements of conspiracy.

Accordingly, the Court should dismiss Reese's § 1983 claims against Defendants Heartland Patrol & Investigations, Inc. and Heartland Security Officer Saenz for failure to state a claim.

B. *Reese fails to state a claim for relief against the DPD, because the DPD is a non-jural entity and therefore not subject to suit.*

Reese names the DPD as a Defendant. But plaintiffs may not bring civil rights actions against a servient political agency or department, such as the DPD, unless such agency or department enjoys a legal existence separate and distinct from the true political entity—the City of Dallas. *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313–14 (5th Cir. 1991). The DPD is not

9

a proper defendant with independent jural existence. *Id.* Accordingly, the District Court should *sua sponte* dismiss Reese's claims against the DPD. *See Williams v. City of Dallas Police Dep't*, 2009 WL 812239, at *2 (N.D. Tex. Mar. 26, 2009) (Solis, J.) (dismissing plaintiff's claims against Dallas Police Department because the department is not a separate legal entity having jural authority); *Pogorzelski v. Dallas Police Dep't*, 2020 WL 5045673, at *2 (N.D. Tex. Aug. 5, 2020) (Horan, J.), *rec. adopted*, 2020 WL 5038175 (N.D. Tex. Aug. 26, 2020) (Starr, J.) (same).

C. *Reese fails to allege sufficient facts to state a claim against any remaining DPD Officer Defendant.*

The claim that is most apparent from Reese's allegations is one for false arrest in violation of the Fourth Amendment. "The Fourth Amendment protects individuals from unwarranted arrests by requiring that the officer have reasonable grounds to believe a crime has been committed." *Poullard v. Gateway Buick GMC LLC*, 2021 WL 2376721, at *14 (N.D. Tex. June 10, 2021) (Boyle, J.) (internal citations omitted). Consequently, "a police officer must make a determination of probable cause before he causes any significant pretrial restraint of liberty." *Id.* (citing *Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992)). "Thus, [t]o prevail on a § 1983 action for a false arrest, the plaintiff must prove that the officers lacked probable cause to arrest him or her." *Id.* (internal citations omitted). "Probable cause exists when the totality of the facts and circumstances within a police officer's

10

knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Id.* (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655–56 (5th Cir. 2004)*)*.

Reese's false arrest claim fails the *Twombly-Iqbal* plausibility standard; he presents barebone legal conclusions that he was "falsely charged" and is innocent without sufficient supporting factual details. The factual detail he does provide begins with a vague reference to a "foot chase" with officers and ends with his arrest for aggravated assault. But he does not provide enough accompanying factual context to speak at all to the heavily-context and fact-specific probable cause determination on which his false arrest claim necessarily depends.

Reese also appears to assert a fabrication-of-evidence claim under the Fourteenth Amendment. Indeed, in his Motion to Dismiss, Foreman construes Reese's allegations as attempting to state a fabrication-of-evidence claim. *See* Mot. (ECF No. 45). To succeed on a fabrication-of-evidence claim, a plaintiff must show that (1) officers fabricated evidence (2) for the purpose of falsely obtaining a charge and (3) the evidence influenced the decision to charge. *Melton,* 2022 WL 3636616, at *18.

Reese's sparse allegations fail to allege enough factual detail to allow the Court to reasonably infer satisfaction of each of the above elements. For one, Reese does not identify any specific piece of evidence that the officers fabricated in order to obtain a false charge. Reese simply alleges in

11

conclusory fashion that the officers lied when they charged him with aggravated assault on a public servant. Further, Reese does not plausibly allege any actual fabrication by the officers, such as through physical alteration of specific evidence. *See Melton,* 2022 WL 3636616*,* at *18 (concluding that plaintiff did not plead sufficient facts to show fabrication of evidence by claiming that a "[d]etective 'modified' an audio recording of a conversation that he had with [plaintiff]," since plaintiff "never explain[ed] how the recording was modified").

To the extent that Reese intends to posit the alleged "false accusations" by the officers as the fabricated pieces of evidence, he still fails to state a claim for relief. His allegations of false accusations by each officer are barebone and conclusory. In other words, regarding his fabrication-of-evidence claim, Reese's false accusation allegations are essentially bare recitations of the required element that the officers fabricated evidence—which is not enough to plausibly state a claim for relief. *Twombly*, 550 U.S. at 555. And while the Court must accept all of Reese's factual allegations as true at this stage in the litigation, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Thus, the Court should not simply take as true Reese's legal claim that officers fabricated evidence based on his blanket allegation that they falsely accused him of aggravated assault.

12

Finally, Reese's allegations of a "cover up" among the officers sound in conspiracy. "To state a conspiracy claim under § 1983, a plaintiff must allege facts to support (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Blakely v. Andrade*, 360 F. Supp. 3d 453, 490 (N.D. Tex. 2019) (Boyle, J.) (internal citations omitted). "A plaintiff must also show that the defendants agreed to commit actions that violated his or her constitutional rights." *Id.*

Reese does not plausibly allege any agreement among the Officer-Defendants to violate his constitutional rights. Rather, he simply references a "cover up" without any additional factual explanation. Accordingly, Reese fails to plausibly state a claim for § 1983 conspiracy, since "[a] bald allegation that a conspiracy exists, unsupported by any factual allegations, is insufficient." *Id.* (citing *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987)).

In sum, Reese fails to state any claim for relief against the DPD Officer Defendants under § 1983, because his allegations are conclusory and devoid of enough factual content to allow a reasonable inference that the Defendants are liable. Accordingly, the Court should dismiss each of Reese's claims against the DPD Officers for failure to state a claim.

> D. *Even if the Court were to consider the factual allegations in Reese's Responses to Foreman's Motion to Dismiss, Reese still fails to state a claim against Foreman or any other Officer Defendant.*

13

Reese includes some additional factual allegations to support his legal claims in his Responses to Foreman's Motion to Dismiss. *See* Resp. (ECF Nos. 47, 48). For example, Reese props up his claims against Foreman by alleging that Foreman prepared a false affidavit after the February 2019 shooting as part of the alleged cover up. He alleges that Foreman falsely stated that Reese shot at Officer Robertson, rather than the other way around. Reese attaches Foreman's affidavit as an exhibit to his Response.

Because these allegations and the exhibit were provided for the first time in his responses, they are not part of the pleadings to be considered for purposes of Foreman's Motion to Dismiss. *See Copeland v. Internal Revenue Servs.*, 2021 WL 3713071, at *4 n.6 (N.D. Tex. Aug. 4, 2021) (Ramirez, J.), *rec. adopted*, 2021 WL 3710567 (N.D. Tex. Aug. 19, 2021). However, "the Fifth Circuit has held that courts should construe new allegations and theories in responses to dispositive motions as motions to amend." *Id.* (citing *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (treating response to a motion to dismiss, in which plaintiff first alleged that she had been willfully discriminated against, as a motion to amend her pleadings)). "This is particularly true where [as here, with Reese] the litigant is *pro se* and has not yet made any amendments to [his] complaint." *Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010).

Accordingly, the Court would be warranted in construing Reese's additional factual allegations and accompanying exhibit in his Responses to Foreman's Motion to Dismiss as a motion to amend his Original Complaint. *See, e.g., Copeland*, 2021 WL 3713071, at *4 n.6 (construing plaintiff's additional factual allegations and exhibits in responses to motion to dismiss as a motion to amend). The Court could then grant the motion to amend and consider the new allegations and affidavit. *Id.* But even if the Court took this path, it should still dismiss each of Reese's claims for failure to sufficiently plead claims for relief.

For one, Reese does not add factual allegations particularly addressing any defendant other than Foreman. Accordingly, even if the Court construed his response as a motion to amend and considered the new allegations and exhibit, Reese's claims against each defendant other than Foreman would still be subject to dismissal for the reasons outlined above.

But even considering the new factual allegations regarding Foreman specifically, Reese's claims against him should be dismissed for failure to state a claim. Reese's Responses clarify the specific misconduct by Foreman that Reese alleges creates liability—falsely stating in his affidavit that Reese shot at Officer Robertson. Resp. at 7 (ECF No. 48). However, reading the attached affidavit reveals that Foreman simply did not state that Reese shot at Robertson. Rather, in his affidavit, Foreman states only that "Officer Robertson *told me* that the suspect had fired at him, and that he had fired

15

back." *Id.* (emphasis added). Reese does not allege that Foreman was lying about what Officer Robertson told him on the day of the shooting. Thus, taking Reese's factual allegations and exhibit as true, no court could reasonably infer that Foreman is liable for the misconduct alleged.

In sum, even if the Court considers the new factual allegations concerning Foreman's affidavit, Reese still fails to state a claim for relief, and the Court should dismiss Reese's claims under Rule 12(b)(6).

E. *Reese's false arrest claims are barred by limitations.*

The limitations period for Reese's § 1983 claims is two years from the point of accrual. *See Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (explaining that the statute of limitations for an action under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state, which under Texas law, is two years). For a false arrest claim under § 1983, "'where the arrest is followed by criminal proceedings, [limitations] begins to run at the time the claimant becomes detained pursuant to legal process.'" *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)).[2] "Thus, a false arrest claim accrues when charges are filed." *Id.*

---

[2] Defendant Foreman initially moved to dismiss Reese's fabrication-of-evidence claims on statute of limitation grounds. But Foreman abandoned his limitations argument in his Reply, correctly recognizing that the 5th Circuit held in *McDonough v. Smith*, 588 U.S. ----, 139 S.Ct 2149, 2154-55 (2019), that fabrication-of-evidence claims do not begin to accrue until the underlying criminal proceedings against the defendant have terminated in

16

Here, Reese admits in his Complaint that he was arrested on state charges, including aggravated assault of a public servant, on February 22, 2019. Further, the Court should take judicial notice of the fact that Reese was arraigned on February 23, 2019 on charges of felony aggravated assault of a public servant, as well as misdemeanor evading arrest and possession of marijuana. *See* Mot. at Ex. 1 (ECF No. 45) (Reese's arraignment sheet); *see also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Accordingly, the latest date Reese's false arrest claims began accruing was on February 23, 2019. Since Reese filed his Complaint in April of 2022, his false arrest claims are barred by the applicable statute of limitations.[^]

F. *Reese's claims are Heck-barred.*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that civil tort actions, including actions under § 1983, "are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck,* 512 U.S. at 486. Consequently, when a plaintiff seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of

---

[^]: his favor. Since Reese's state criminal proceeding did not terminate until after he filed the current civil action, those claims are not barred by the two-year limitations period.

the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Here, Reese is clearly attempting to use his § 1983 action as a vehicle to attack his federal criminal conviction and sentence for possession of a firearm by a convicted felon. In order for Reese's ultimate 94-month sentence to be within the Sentencing Guidelines, the Court had to find that Reese used or possessed the firearm in connection with an aggravated assault. *See* U.S.S.G. 2A2.2 & U.S.S.G. 3A1.2. The Court had to find by a preponderance of the evidence that Reese fired at Officer Robertson. Thus, Reese's false arrest and fabrication-of-evidence claims attacking his aggravated assault arrest, as well as his factual allegations claiming he is "innocent in [his] possession [of the firearm]," necessarily imply the invalidity of his conviction and 94-month sentence.

Accordingly, Reese's claims must be dismissed unless he can demonstrate that his federal conviction and sentence has already been invalidated. He cannot do so. *See United States v. Reese*, 2022 WL 3684614, at *1 (affirming Reese's conviction and sentence).

**Leave to Amend**

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v.*

18

*Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. But leave to amend is not automatic and may be refused where it would be futile. *See Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020) (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). "The court may deny leave to amend . . . if the defects are incurable or the plaintiff[] ha[s] already alleged [his] best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002) (Fitzwater, J.); Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).*

Here, Reese has had sufficient opportunity to plead his best case as he has filed a complaint, provided answers to the MJQ (ECF No. 4), and submitted numerous filings. Additionally, amendment would be futile given the *Heck* bar on each of his claims and the limitations bar on his false arrest claim. Accordingly, the Court should not grant Reese leave to amend.

19

## Recommendation

For the reasons stated, the Court should GRANT Foreman's Motion to Dismiss (ECF No. 45) and DISMISS with prejudice Reese's claims against Foreman. Additionally, the Court should *sua sponte* DISMISS with prejudice Reese's claims against the remaining Defendants.

**SO RECOMMENDED**.

November 16, 2023.

                                        _____
                                        REBECCA RUTHERFORD
                                        UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).